# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1169V

| | |
|---|---|
| JAMES MCMAHON,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2025 |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On July 31, 2024, James McMahon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on November 6, 2023 Petition at 1, ¶¶ 1, 14.

On February 4, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 7, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,100.00, representing $100,000.00 for actual and projected pain and suffering[3] and $100.00 for past unreimbursed expenses. Proffer at 1, 1 n.2. In the Proffer, Respondent represented

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Respondent states that amount awarded for projected pain and suffering has been reduced to its net present value as required by Section 15(f)(4)(A). Proffer at 1 n.2.

that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>100,100.00</u>, representing $100,000.00 for actual and projected pain and suffering and $100.00 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JAMES MCMAHON,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 24-1169V<br>Chief Special Master Brian H. Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 31, 2024, James McMahon (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, alleging that he received an influenza vaccination on November 6, 2023, and thereafter suffered from a left-side shoulder injury related to vaccine administration (SIRVA).  *See* Petition.  On February 3, 2025, the Secretary of Health and Human Services (respondent) filed his Rule 4(c) Report recommending that compensation be awarded.[1]  ECF No. 15.  On February 4, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 16.  Respondent now proffers the following compensation:

> A lump sum payment of **$100,100.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.  This amount represents compensation for all damages available under 42 U.S.C. § 300aa-15(a).[2]

---

[1]  Respondent notes that since the filing of his Rule 4(c) Report, petitioner filed additional medical records as Exhibits 6-8.  Those records include in part that petitioner had left-shoulder arthroscopic surgery on October 10, 2024.  Exhibit 7 at 32.

[2]  This amount represents an award of $100,000.00 for actual and projected pain and suffering at net present value, and $100.00 for past unreimbursed expenses.  This proffer does not include

Petitioner agrees with the foregoing proffered award.[3]  Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

DATED: May 7, 2025

---

any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings, future expenses, and future pain and suffering.

2